T. W. STRONG V. THE STATE.

No. 9794.   Delivered March 17, 1926.

Negligent Homicide—Charge of Court—Exceptions to—Incomplete.

Where exceptions are taken to the charge of the court, and it does not appear that such exceptions were presented to the court before argument and before the charge to the jury was read by the court, such exceptions will not be considered. The evidence supporting the conclusion of guilt, the cause is affirmed.

Appeal from the Criminal District Court No. 2, Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction of negligent homicide, penalty one year in the county jail.

*Grady Nibloe* and *Grover C. Adams* of Dallas, for appellant.

*Shelby Cox,* District Attorney, *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in Criminal District Court No. 2 of Dallas county of negligent homicide; punishment fixed at one year in the county jail.

We find in the record no bill of exceptions. There appears what is denominated the defendant's exceptions to the charge of the court, but neither in any statement, a part of said exceptions, nor in any qualifying statement appended thereto by the court, nor by any separate bill of exceptions, is it made to appear that said so-called exceptions were presented to the court before argument and before the charge to the jury was read by the court. A further inspection of the record makes plain the fact that the court tried to treat the accused as fairly as possible, and withdrew in an instruction certain testimony deemed by appellant hurtful, and also gave six special charges requested.

We have carefully examined the statement of facts and believe same shows testimony supporting the jury's conclusion of guilt under the third count contained in the information.

Being unable to perceive any error, the judgment will be affirmed.

*Affirmed.*